UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

PAUL B. DEAL

CIVIL ACTION

VERSUS

NO. 11-743-JJB

STATE OF LOUISIANA, ET AL.

### RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion for Summary Judgment by Defendant State of Louisiana, et. al. ("the State") (Doc. 28). Plaintiff Paul B. Deal ("Deal") has filed an opposition (Doc. 32), to which the State has filed a reply (Doc. 34). Deal also filed a sur-reply (Doc. 39). Oral argument is not necessary. For the reasons stated herein, the Court GRANTS in part and DENIES in part the Defendant's motion. (Doc. 28).

Deal was employed by the State full-time as an Office Chief in the New Orleans office of the Louisiana Department of Justice (LDOJ) from December 16, 2004 to April 20, 2009. When he was hired, Deal had been licensed to practice law for approximately forty-six (46) years; had worked in private practice for Lemelle & Kelleher for over forty-three (43) years; and was seventy (70) years of age. Deal worked directly for Attorney General Charles Foti on a part-time basis beginning in January 2004, until he became office chief. Throughout 2009, LDOJ terminated several of its employees during the year, occurring in January, April, and June 2009. On April 17, 2009, Assistant Office Chief Stephen Babin ("Babin") informed Deal that Deal was being terminated. When Deal asked Babin why he was being terminated, Babin explained that he was "74 years old, and it won't hurt you to be let go." (Doc. 32, Ex. 1, pp. 53-57).

On April 20, 2009, Deal reported to the office where he was informed by the Human Resources Director, Neomi Savoy ("Savoy"), that he was terminated. The State contends that the decision to terminate Deal's employment was made due to budget cuts. Deal's employment

1

officially ended on May 19, 2009. On August 27, 2009, Deal filed a Charge of Discrimination with the Louisiana Commission on Human Rights, alleging that he was discriminated against because of his age. He stated that he "was suddenly discharged from [his] position," that he "was given no reason or explanation for [his] discharge" and that he heard "through other sources that the comment had been made that 'he's 74 years old. It won't hurt him to be let go.'"[1] Deal was issued a Notice of Right to Sue by the U.S. Equal Employment Opportunity Commission on June 22, 2011.

Deal filed suit, alleging that the State violated federal law, including the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621-634, and Louisiana law, including La. R.S. 23:301 *et seq*. Deal asserted that he was separated from his employment with LDOJ due to his age, that the State's layoff practice had a significant disparate impact on older workers, and that of the employees who were subject to a layoff in 2009, the majority were over the age of forty. (Docs. 1-2).

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Id.* at 247-8. As to materiality, the substantive law will identify which facts are material. *Id.* at 248. Only disputes over facts that might affect the

---

[1] Doc. 32, Ex. 1 at 53-57.

Case 3:11-cv-00743-JJB-RLB   Document 40   07/08/13   Page 2 of 9

outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Id.* Factual disputes that are irrelevant or unnecessary will not be counted. *Id.*

In an employment discrimination case, the Court should focus on whether a genuine issue exists regarding whether the defendant intentionally discriminated against the plaintiff. *Grimes v. Texas Dept of Mental Health,* 102 F.3d 137 (5th Cir. 1996). Unsubstantiated assertions are not competent summary judgment evidence. *Grimes*, 102 F.3d at 139. Nor is conjecture or speculation adequate to satisfy the nonmovant's burden. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1079 (5th Cir. 1994). An employee's self-serving generalized testimony stating his subjective belief that discrimination occurred "is simply insufficient to support a jury verdict in plaintiff's favor." *Grizzle v. Travelers Health Network, Inc.,*14 F.3d 261, 268 (5th Cir. 1994). Likewise, summary judgment may be appropriate in cases where elusive concepts such as motive or intent are at issue, if the nonmoving party rests merely upon conclusory allegations, improbable inferences and unsupported speculation. *Krim v. BancTexas Group, Inc.,* 989 F.2d. 1435, 1449 (5th Cir. 1993).

Louisiana Age Discrimination in Employment Act

The State argues that Deal's claims for violation of the Louisiana Employment Discrimination Law, including claims for violation of the Louisiana Age Discrimination in Employment Act ("LADEA") are prescribed under La. R.S. 23:303(D) because they exceed the one-year period and the six-months suspension limit. Deal concedes that the LADEA claims are stale, and that his state claims were inadvertently included where they should not have been. Deal asserts, however, that the suit is clearly still timely for purposes of his ADEA claims. The LADEA claims will be dismissed.

Age Discrimination in Employment Act

Under the ADEA, an employer cannot "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Deal has asserted both a disparate treatment and a disparate impact age discrimination claim under the ADEA. The Court will address each argument in turn.

*Disparate Treatment*

To bring a disparate treatment claim under the ADEA, the plaintiff must prove that the age was the "but-for" cause of the challenge employment action. *Gross v. FBL Financial Services, Inc.,* 557 U.S. 167, 180 (2009). The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when Deal has produced some evidence that age was one motivating factor in that decision. *Id.* Deal also bears the burden of making a prima facie case for age discrimination. Deal must show (1) he is a member of the protected age group; (2) he was adversely affected by the LDOJ's decision; (3) he was qualified to "assume another position at the time of discharge; and (4) there is "evidence, circumstantial or direct, from which a fact finder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue." *Nichols v. Loral Vought System Corp.,* 81 F.3d 38, 41 (5th Cir. 1996) (citation omitted).

It is undisputed that Deal satisfies the first, second, and third prongs, and thus, the Court will not address these issues. However, the State asserts that Deal is unable to satisfy the fourth prong because the only evidence that Deal relies upon to show intentional discrimination is two age-related comments made by Assistant Office Chief Stephen Babin and Director of Litigation Rob Harroun.

According to Deal, Harroun said "'I know it won't make you feel any better, but you are not the only person of retirement age that's being let go . . . .'"[2] In addition, Deal alleges that Babin stated to him that he was 74 years old and that being let go would not hurt him. (Doc. 32, pp. 3-4). While remarks about an employee's age may serve as evidence of age discrimination, the comments must be:

> (1) age related; (2) proximate in time to the employment decision; (3) made by an individual with authority over the employment decision at issue; and (4) related to the employment decision at issue. Comments that are "vague and remote in time" are insufficient to establish discrimination.

*Haas v. ADVCO Sys. Inc.,* 168 F.3d 732, 733 (5th Cir. 1999). The State argues that Deal cannot rely on either statement because neither Harroun nor Babin had authority over the employment decision, and Harroun never made any statement concerning Deal's age.

As a threshold matter, the Court finds that there is a genuine issue of material fact as to whether Harroun made a statement concerning Deal's age and that this is a credibility determination for a jury to decide. With respect to whether Harroun or Babin had authority over the decision at issue, the Court finds that there is no evidence in the record to connect Babin to the decision-making process because Babin had no authority over the employment decision. Thus, Deal cannot rely on Babin's statement to support his claim for age discrimination.

However, the Court finds that there is a genuine issue of material fact as to whether Harroun had authority over the decision. Both Harroun and Babin testified that the Attorney General is the only person within the Department of Justice who is vested with hiring and firing authority, and that Attorney General Caldwell was the decision-maker in the determination to end Deal's employment. In his deposition testimony, Harroun testified that he was informed by AG Caldwell that there would be layoffs and that one of the layoffs would be Deal. Harroun

---

[2] Doc. 32, Ex. 1 at 62.

5

further testified in his affidavit that "as Director of Litigation for the Louisiana Department of Justice, [he] did not have the authority to make ultimate employment decisions, including terminating and laying off employees."[3] Harroun testified that that decision was left to Attorney General Caldwell. A jury could find that Harroun's involvement in the decision-making process was to such a degree that he could be seen as having some authority over the employment decision because Harroun was Deal's direct supervisor during the time Deal was terminated, he attended the meeting with Attorney General Caldwell where the termination decisions were discussed, and he had direct input and participation in the process of determining who would be terminated.[4][5] Therefore, there is a genuine issue of material fact as to whether Harroun had authority over the employment decision at issue.

The Court finds that Deal has made a prima facie showing of age discrimination. Once the plaintiff has made a prima facie showing, the burden of production then shifts "to the defendant to proffer a legitimate, non-discriminatory reason for the challenged employment action." *Nichols v. Loral Vought Systems Corp.*, 81 F.3d 38, 41 (5th Cir. 1996). The State contends that it has evidence that "if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action." *Id.* (quoting *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 506-508, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993)). The State argues that it has two legitimate, non-discriminatory reasons for its employment action: (1) that the Department of Justice, along with other state agencies were experiencing budgetary constraints imposed upon it by the governor causing sporadic layoffs throughout 2009, having a

---

[3] Doc. 28-5, at 1
[4] Doc. 28, Ex. E at 46.
[5] Deal asserts in his opposition that the State argued that Harroun was not Deal's immediate supervisor. However, in the State's Memorandum in Support, the State concedes that Harroun was Deal's immediate supervisor. (Doc. 28, p.9).

Case 3:11-cv-00743-JJB-RLB   Document 40   07/08/13   Page 6 of 9

department-wide impact; and (2) Babin was performing the majority of the duties of Office Chief.

The State contends that upon Deal assuming the title of Office Chief in 2004, Babin continued to perform the majority of the administrative duties typically performed by the Office Chief, while Deal chose to take a more active litigation role than the position required. The State discouraged its Office Chiefs from having an active litigation workload, preferring that these administrators focus on supervisory and administrative functions. Deal made the decision to delegate his supervisory and administrative functions to Babin. As such, throughout Deal's employment at the Department of Justice, Babin continued to perform the administrative duties. After Deal's employment ended, Babin assumed sole responsibility for administrative duties, first informally as Acting Office Chief and eventually as Office Chief. The Court finds that the State has offered legitimate, non-discriminatory reasons for the challenged employment action, or reduction-in-force.

Once the State offers a legitimate, non-discriminatory reason for the challenged reduction-in-force, the burden shifts to Deal to prove that the State's articulated reason is pretextual. *Nichols, supra.* Deal must prove by a preponderance of the evidence not only that the employer's given reasons were not the true reasons for the discharge, but that unlawful discrimination was. *Bodenheimer v. PPG Industries, Inc.*, 5 F.3d 955 (5th Cir. 1993). Additionally, to bring a disparate treatment claim under the ADEA, Deal must prove that age was the "but-for" cause of the challenge employment action. *Gross v. FBL Financial Services, Inc.,* 557 U.S. 167, 180 (2009). The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when Deal has produced some evidence that age was one motivating factor in that decision. *Id.*

Case 3:11-cv-00743-JJB-RLB   Document 40   07/08/13   Page 7 of 9

Deal argues that he has presented both direct and circumstantial evidence as proof of discriminatory intent. Deal first asserts that he has presented evidence of age-related comments, which the Court has already found constitute a genuine issue of material fact with respect to Harroun's statements. Deal also asserts that there is statistical evidence that shows that sixteen of the seventeen employees who were terminated on June 12, 2009 were over the age of forty. (Doc. 32, pp.12, 16-17). The State argues that Deal is improperly using the data to include himself with this group because he was fired before the June terminations. (Doc. 34, p.15). In *Walther v. Lone Star Gas Co.*, 977 F.2d 161, 162 (5th Cir.1992), the Fifth Circuit held that:

> gross statistical disparities . . . may be probative of discriminatory intent, motive or purpose. Such statistics might in an unusual case provide adequate circumstantial evidence that an individual employee was discharged as part of a larger pattern of layoffs targeting older employees. This is not to say that such statistics are enough to rebut a valid, nondiscriminatory reason for discharging a particular employee. Generally, they are not.... [P]roof of pretext, hence of discriminatory intent, by statistics alone would be a challenging endeavor.

In addition, the Fifth Circuit held that a statistical analysis that does not analyze the facts surrounding the circumstances of the individual at issue is "impotent" to establish whether an employer's nondiscriminatory reasons are pretextual. *EEOC v. Tex. Instruments Inc.*, 100 F.3d 1173, 1185 (5th Cir.1996). The State asserts that Deal's reliance on statistical evidence is insufficient to show pretext because Deal was terminated in April and therefore, Deal cannot rely on data from June. The State further argues that between April and August 12 of 2009, out of sixty-four employees, only twenty-eight were over the age of forty, which is insufficient to show pretext. The Court disagrees with the State's arguments and finds that these statistics are sufficient to raise an inference of pretext, which in turn, creates a genuine issue of material fact.

Case 3:11-cv-00743-JJB-RLB   Document 40   07/08/13   Page 8 of 9

Finally, Deal argues that the State terminated its employees and subsequently filled those same positions with much younger employees. (Doc. 32, p.13). The State argues that there is insufficient data to support this claim because the data presented only shows a general job description and does not show the specific position for which the new employees were hired. However, the Court finds that this creates a genuine issue of material fact as to whether the State's articulated reason for terminating Deal is pretextual because the new hires were younger and it raises an inference that Deal was terminated because of his age.

Disparate Impact Claim

Deal brings a claim that the State's layoff practice had a significant disparate impact on older workers, and that of the employees who were subject to a layoff in 2009, the majority were over the age of forty. (Docs. 1-2). In *Smith v. City of Jackson, Miss.*, the Fifth Circuit held that a disparate impact theory of liability is not available to a plaintiff suing for age discrimination under the ADEA. 351 F.3d 183, 184 (5th Cir. 2003). Therefore, Deal's disparate impact claim of age discrimination under the ADEA shall be dismissed.

Accordingly, the Defendant's Motion for Summary Judgment (Doc. 28) is hereby GRANTED in part as to the disparate impact claim but DENIED as to the disparate treatment claim.

Signed in Baton Rouge, Louisiana on July 8th, 2013.


_____
**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

Case 3:11-cv-00743-JJB-RLB   Document 40   07/08/13   Page 9 of 9