**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| PAUL DEAL | CIVIL ACTION NO. 11-743 |
| | JUDGE JOHN W. deGRAVELLES |
| v. | |
| | MAG. JUDGE RICHARD L. |
| STATE OF LOUISIANA, THROUGH | BOURGEOIS, JR. |
| DEPARTMENT OF JUSTICE, OFFICE | |
| OF ATTORNEY GENERAL | JURY TRIAL |

## RULING AND ORDER ON MOTION IN LIMINE

This matter came before the Court on the Motion in Limine to Exclude Testimony and Original and Supplemental Reports of Plaintiff's Expert Dan Cliffe (R.Doc. 67) ("Motion in Limine") filed by the Defendant State of Louisiana, through Department of Justice, Office of Attorney General ("Defendant"). Oral argument is not necessary.

For the reasons stated below, the Motion in Limine is denied. However, the Court will give the Defendant until one (1) week before trial, or until November 10, 2014, to re-depose Plaintiff's expert Dan Cliffe.

**A.    The Parties' Positions**

Defendant argues that the supplemental expert report of Plaintiff's expert Dan Cliffe was untimely. Further, Defendant argues that the supplemental and original report of Plaintiff's expert should be excluded under *Daubert* (1) because they are based on erroneous facts regarding plaintiff's entitlement to retirement benefits; (2) because they employ flawed methodology regarding work life expectancy; and (3) because they are based on incorrect presumptions regarding annual increases in calculation of future lost wages.

Plaintiff opposes the motion. Plaintiff explains that his expert prepared his supplemental report more than a year before the current trial date after it became apparent during the expert's

1

deposition that there was an error concerning Plaintiff's retirement benefits. Moreover, the corrected supplemental report does not substantially alter the expert opinion set forth in the original report. Plaintiff further argues that his attorney consented to allowing the expert to be re-deposed, but Defendant did not request to do so. Finally, Plaintiff claims that the defendant is objecting to the evidence analyzed but not the methodology.

**B.     Reliability of the Reports**

"Trial courts have 'wide discretion' in deciding whether or not a particular witness qualifies as an expert under the Federal Rules of Evidence." As explained in *Scordill v. Louisville Ladder Group, L.L.C.*, No. 02-2565, 2003 WL 22427981, at *3 (E.D.La. Oct. 24, 2003) (Vance, J.):

> The Court notes that its role as a gatekeeper does not replace the traditional adversary system and the place of the jury within the system. *See Daubert*, 509 U.S. at 596 [113 S.Ct. 2786]. As the *Daubert* Court noted, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* (citing *Rock v. Arkansas*, 483 U.S. 44, 61, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987)). The Fifth Circuit has added that, in determining the admissibility of expert testimony, a district court must defer to "'the jury's role as the proper arbiter of disputes between conflicting opinions. **As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.**'" *United States v. 14.38 Acres of Land, More or Less Sit. in Leflore County, Miss.*, 80 F.3d 1074, 1077 (5th Cir.1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir.1987))(emphasis added).

"Notwithstanding *Daubert*, the Court remains cognizant that 'the rejection of expert testimony is the exception and not the rule.'" *Johnson v. Samsung Electronics America, Inc.*, 277 F.R.D. 161, 165 (E.D.La. 2011) (citing Fed.R.Evid. 702 Advisory Committee Notes to 2000 Amendments).

For the above reasons, and for the reasons stated in Plaintiff's Memorandum in Opposition to Motion in Limine (R.Doc. 69), the Court believes that the issues raised by the

Defendant go toward the weight that should be given to Plaintiff's expert testimony rather than the admissibility of same. Accordingly, the Court will deny the Defendant's Motion in Limine on this ground.

C. **Untimeliness of the Supplemental Report**

The district court has "exceedingly wide" discretion in making scheduling decisions such as those involving the exclusion of an expert report. *See Versai Mgmt. Corp. v. Clarendon America Ins. Co.*, 597 F.3d 729, 740-741 (5th Cir. 2010) (finding no abuse of discretion in a trial court's denial of a motion to extend the deadline to produce expert witness reports). When reviewing whether trial courts have abused their discretion in excluding expert testimony for untimeliness, appellate courts have considered the following factors: (1) the explanation for the failure to submit the expert report; (2) the importance of the report; (3) potential prejudice in allowing the report; and (4) the availability of a continuance to cure such prejudice. *Id.* (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

Considering these factors, the Court will not exclude the supplemental expert report. Plaintiff has submitted a valid reason for the failure to submit the expert report timely – specifically, that the expert had been under an incorrect belief that the Plaintiff was enrolled in an annuity retirement plan when the Plaintiff was in fact not.

Further, there was little potential prejudice to the Defendant. Defendant received the supplemental expert report in November 2013 (R.Doc. 71-1, p. 6). Counsel for Plaintiff advised counsel for Defendant on November 26, 2013, that she would make the expert available for a second deposition (R.Doc. 69-1, p. 10). At that time, bench books were not due until March 24, 2014, (R.Doc. 59), and trial was scheduled for April 14, 2014 (R.Doc. 58). The case was later rescheduled for a November 17, 2014 trial date. (R.Doc. 65). The Defendant had plenty of time

to re-depose in the roughly one year between when the supplemental expert report was original received and the new trial date.

Further, while the Court will not grant a continuance, the Court can cure any potential prejudice by allowing the Defendant additional time to take the expert's deposition. Thus, Defendant will have until one (1) week before trial, or until November 10, 2014, to take the deposition of Dan Cliffe.

**C.	Conclusion**

Accordingly,

**IT IS ORDERED** that the Motion in Limine to Exclude Testimony and Original and Supplemental Reports of Plaintiff's Expert Dan Cliffe (R.Doc. 67) filed by the Defendant State of Louisiana, through Department of Justice, Office of Attorney General is **DENIED**; and

**IT IS FURTHER ORDERED** that the Defendant shall have until one (1) week before trial, or until November 10, 2014, to re-take the deposition of Plaintiff's expert Dan Cliffe.

Signed in Baton Rouge, Louisiana, on <u>October 21, 2014</u>.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**